IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA KNUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-077 |
| | ) | |
| DEPARTMENT OF THE ARMY; | ) | |
| CHRISTOPHER KENNY, Attorney; | ) | |
| KELLY ELDER; and DEBORAH | ) | |
| WOODS | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se*. Because she is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.     SCREENING OF THE COMPLAINT**

**A.     BACKGROUND**

In her complaint, Plaintiff names as Defendants: (1) Department of the Army (2) Christopher Kenny, attorney; (3) Kelly Elder; and (4) Deborah Woods. (Doc. no. 10, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a former employee at the Dwight D. Eisenhower Medical Center who was

terminated on November 14, 2013. (Doc. no. 10, pp. 6, 8.) On August 15, 2014, Plaintiff sent a Freedom of Information Act ("FOIA") request for records pertaining to her termination to Kelly Elder. (Id.) As of the date of the amended complaint, Plaintiff has not received any documents pursuant to her request despite multiple inquiries. (Id.) Plaintiff claims a right to the information pursuant to 5 U.S.C. § 552(a)(3) and that Defendants have wrongfully withheld the documents. (Id. at 6-7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Has Failed to State a Claim Against the Individual Defendants.

FOIA may be enforced only against "agencies." See 5 U.S.C. § 552(a)(3)(A). Further, FOIA does not "create[ ] a cause of action for a suit against an individual employee of a federal agency." Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir.1987); see Stewart v. Doe, 2010 WL 4256186, at *2 (S.D.Ga. Sept. 29, 2010) ("Only federal agencies qualify as proper defendants in FOIA claims. Individual employees or officers of agencies are not appropriate defendants . . . ."), report and recommendation adopted, Stewart v. United States Department of the Army, 2010 WL 4256180 (S.D.Ga. Oct. 20, 2010). Here, Christopher Kenny, Kelly Elder, and Deborah

3

Woods cannot be considered agencies and are therefore, not subject to FOIA. Sikes v. United States, 987 F. Supp. 2d 1355, 1364 (S.D. Ga. 2013). As a result, these individual defendants are not proper defendants and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Court **DISMISS** Defendants Christopher Kenny, Kelly Elder, and Deborah Woods. In a companion Order, the Court allows Plaintiff to proceed with her claims against Defendant Department of the Army.

SO REPORTED AND RECOMMENDED this 5th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA