IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA KUNCKLES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 115-077 |
| DEPARTMENT OF THE ARMY, | ) ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). (Doc. no. 2, 12.) Plaintiff is a former employee at the Dwight D. Eisenhower Medical Center who was terminated on November 14, 2013. (Doc. no. 10, pp. 6, 8.) On August 15, 2014, Plaintiff sent a Freedom of Information Act ("FOIA") request for records pertaining to her termination to Kelly Elder. (Id.) As of the date of the amended complaint, Plaintiff alleges she has not received any documents pursuant to her request despite multiple inquiries. (Id.) Plaintiff claims a right to the information pursuant to 5 U.S.C. § 552(a)(3) and that Defendant has wrongfully withheld the documents. (Id. at 6-7.) In regards to these claims, Plaintiff has filed a motion for a writ of mandamus and requested expedited processing of her claim. (Doc. no. 11.)

Pursuant to 28 U.S.C. § 1361, federal courts have jurisdiction over mandamus actions seeking "to compel an officer or employee of the United States or any agency thereof to perform

a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). Thus, a writ of mandamus is only appropriate if the petitioner demonstrates that: (1) he has a clear right to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. Id. at 1258. FOIA provides Plaintiff with a cause of action against Defendants for refusal to allow her inspection or records concerning her employment in 5 U.S.C. § 552a(g)(1)(b). If Plaintiff prevails, the Court is authorized to "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld . . . ." § 552a(g)(3)(A). Because Plaintiff has, in fact, asserted entitlement to the documents FOIA in her amended complaint, adequate remedies exist under FOIA and mandamus relief is inappropriate.

Plaintiff also claims entitlement to expedited processing under 28 U.S.C. § 1657, which requires courts to expedite certain types of civil actions when "good cause therefore is shown." Good cause exists "if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657. While this definition expressly references FOIA, which is contained within section 552 of title 5, it does not exempt FOIA cases from the requirement that, to expedite, the plaintiff must show facts that merit expedition. Freedom Commc'ns Inc. v. F.D.I.C., 157 F.R.D. 485, 486 (C.D. Cal. 1994). Plaintiff has failed to make such a showing. Indeed, Defendant has shown the opposite by confirming in its summary judgment motion that it has already produced 210 pages of documents related to Plaintiff's request. (Doc. no. 23-1, p. 4.) Accordingly, Plaintiff has not

demonstrated good cause for expediting her case.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a writ of mandamus and expedited processing be **DENIED**. (Doc. no. 11.)

SO REPORTED AND RECOMMENDED this 21st day of December, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA