IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA KUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-077 |
| | ) | |
| | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's opposed motion to amend her complaint be **DENIED** (doc. no. 33) and her motions for court-appointed counsel be **DENIED** (doc. nos. 39, 43).

**I.   BACKGROUND**

Plaintiff's original complaint alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, et seq., because Defendant wrongfully withheld documents pertaining to her removal from Fort Gordon for more than one year. Through her FOIA request and her efforts in this lawsuit, Plaintiff has obtained approximately 210 pages of documents pertinent to her removal. (Doc. no. 23-1.) Because the inability to obtain these documents allegedly affected Plaintiff's ability to participate in the administrative proceedings concerning her removal, Plaintiff seeks to amend her complaint with claims that

challenge her removal substantively under 42 U.S.C. § 1983 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq.

On January 21, 2016, the Court held a hearing on Plaintiff's motion to amend. (Doc. no. 50.) The Court explained to Plaintiff that the scope of remedies available under FOIA is limited to document production and costs and that the Court did not have jurisdiction over her substantive employment claims pursuant to the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7701, et seq. (*For the Record* "FTR" 9:06:25 – 9:13:41.) The Court encouraged the parties to attempt to reach a resolution of Plaintiff's FOIA claims as well as her motion to amend, but the parties have been unsuccessful.

Just as contemplated by the CSRA, Plaintiff has taken full advantage of her rights to challenge the removal decision and complain about her inability to obtain in a timely manner all documents relating to her termination. Invoking the grievance procedures set forth in the applicable labor management agreement, Plaintiff challenged her termination in a "step three grievance." (Doc. no. 45-2.) In a decision dated May 20, 2014, the Department of the Amy affirmed the removal action, finding it justified by the evidence and reasonable under the circumstances. (Id.) Plaintiff appealed to the U.S. Merit Systems Protections Board, which dismissed the appeal for lack of jurisdiction on May 27, 2015 because Plaintiff had not exhausted her rights by electing arbitration upon receipt of the adverse grievance decision. ((Id. at 4.) Plaintiff did not exercise her right under the CSRA to request review of the appeal denial by the U.S. Court of Appeals for the Federal Circuit.

2

Plaintiff also filed a challenge to her removal directly with the Merit Systems Protection Board on August 1, 2014, which an ALJ dismissed as untimely. (Doc. no. 45-1 at 2.) Plaintiff appealed this decision to the Board, and the Board affirmed on February 2, 2015. (Id.) Plaintiff did not exercise her right under the CSRA to request review of the appeal denial by the U.S. Court of Appeals for the Federal Circuit.

Plaintiff's current proposed amended complaint names seven defendants: Department of the Army; Dwight D. Eisenhower Army Medical Center; Kelly Elder; Deborah Woods; Brenda Waldrop; Sheree Welch; and John McIntyre. (Doc. no. 33-6, p. 1.) Plaintiff alleges that the failure to process the FOIA request resulted in a violation of her due process rights, unequal treatment under 42 U.S.C. § 1983, and violations of the APA. (Id. at 3.) Plaintiff alleges Defendant purposefully and maliciously withheld the documents, taking twenty-five months to release them and only doing so after filing of this lawsuit. (Id. at 4.) Plaintiff requests that her removal be rescinded, all records pertaining to her removal be expunged, she receive full back pay, benefits, and interest, she be reinstated at her former duty location with a promotion and corresponding change in pay and grade, $1,000,000 in compensatory damages, $3,000,000 in punitive damages, and attorneys' fees and costs. (Id. at 5.)

## II. DISCUSSION

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before

3

it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182). In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss. Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003).

### A. Amendment is Futile Because the CSRA Preempts Plaintiff's Claims of Due Process Violations and Unequal Treatment under 42 U.S.C. § 1983.

"The CSRA protects federal civil servants 'by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures - administrative and judicial - by which improper action may be redressed.'" Hendrix v. Snow, 170 Fed. App'x. 68, 80 (11th Cir. 2006) (quoting Bush v. Lucas, 462 U.S. 367, 385 (1983)). The CSRA created a framework for evaluating adverse employment actions against federal employees. United States v. Fausto, 484 U.S. 439,443 (1988).

Outside of Title VII claims, both the Supreme Court and the Eleventh Circuit have concluded generally that the CSRA provides the exclusive procedure for challenging federal personnel decisions. Fausto, 484 U.S. at 443, 454-55, 108 S. Ct. at 671, 677 (holding comprehensive nature of CSRA precludes relief under Back Pay Act, even though employee was not entitled to judicial review under CSRA); Broughton v. Courtney, 861 F.2d 639, 643 (11th Cir. 1988) (explaining that "Congress intended the

CSRA to provide an exclusive procedure for challenging federal personnel decisions"). Similarly, the Supreme Court refused to allow a federal employee to maintain, under the First Amendment, a Bivens action against the agency for which he worked. Bush, 462 U.S. at 388-90. The Eleventh Circuit has also held that Bivens claims are precluded by the CSRA. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir. 1990).

Under the CSRA, removal of an employee is a personnel action subject to the strictures and procedures of the Act. 5 U.S.C. §§ 7512, 7513. An employee is entitled to thirty days advance notice of the action, a reasonable time to answer orally and in writing and to submit evidence in support of the answer, to be represented by an attorney or other representative, and a written decision giving specific reasons for the action at the earliest practicable date. 5 U.S.C. § 7513(b). Once the action is taken, the employee is entitled to an appeal to the MSPB. 5 U.S.C. § 7513(d). However, the appeal must be filed within thirty days of when the action being challenged is taken. 5 C.F.R. § 1201.22(b). Once the MSPB has made a decision, a petition to review a final order of the MSPB must be filed in the United States Court of Appeals for the Federal Circuit except in limited circumstances.[1] 5 U.S.C. § 7703(b)(1)(A)

Here, Plaintiff is challenging her termination and seeks back pay and reinstatement in her proposed amended complaint. (See Proposed Am. Compl., doc. no. 33-6.) Thus, her

---

[1] The CSRA allows for challenging MSPB decisions on "mixed cases" involving claims of discrimination in District Court. Kloeckner v. Solis, 133 S. Ct. 596 (2012). However, Plaintiff neither sought judicial review of the MSPB decision nor claimed discrimination in her proposed complaint. (Doc. no. 33-6.) Nor can she, as the deadline for

claims under due process and for unequal treatment fall squarely within the confines of the CSRA and the administrative procedures outlined in the statute for challenging personnel actions by the federal government. Furthermore, Plaintiff cannot bring claims under 42 U.S.C. § 1983 against Defendant because it is a federal entity, not a person acting under color of state law. A <u>Bivens</u>-type claim is also prohibited because Congress has provided a specific and detailed remedy through the CSRA.

To the extent she wishes to have her personnel decision reviewed, her sole remedy is in the CSRA and challenging the final decision of the MSPB. 5 U.S.C. § 7703(b)(1)(A). Plaintiff has gone through the administrative procedures and lost her claims on procedural grounds. (Doc. nos. 45-1, 45-2.) Further, her claims may also be preempted by the grievance and arbitration procedures contained in the collective bargaining agreement governing her employment. (<u>See</u> doc. no. 45-2, pp. 3-7; doc. no. 45-1, p.4.) The Court is without authority to review her proposed claims against Defendant. <u>Elgin v. Dep't of Treasury</u>, 132 S. Ct. 2126, 2133, (2012) ("[E]xtrastatutory review is not available to those employees to whom the CSRA *grants* administrative and judicial review.")

### B. Plaintiff's Claims under the APA are also Futile Because They are Preempted by the CSRA.

For much of the same reasons that her purported § 1983 claims are futile, her claim under the APA that she was improperly terminated without a chance to review the documentation supporting the decision is preempted by the CSRA. The APA expressly

---

Plaintiff to challenge the MSPB decision expired on June 26, 2015. <u>See</u> 5 U.S.C. § 7703(b)(1)(B)(2); (Doc. no. 45-2.)

6

excepts review where the relevant statute "preclude[s] judicial review," 5 U.S.C. § 701(a)(1), or where the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "[T]he comprehensive nature of the ... CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA, or not at all." Veit v. Heckler, 746 F.2d 508, 511 (9th Cir.1984). The Eleventh Circuit has held that the CSRA precludes judicial review under the APA. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir. 1990). Accordingly, Plaintiff's motion to amend her complaint with a claim under the APA should be denied as futile.

### C. Plaintiff is not Entitled to Court-Appointed Counsel.

As a general rule, there is no entitlement to appointed counsel in a civil case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff argues she is entitled to an attorney because she does not want her case to be dismissed on a technicality she does not understand. However, Plaintiff has been able to "present[] the essential merits

7

of [her] . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). In fact, Petitioner has been able to adequately explain her current claims and file motions in this Court. Plaintiff has, through her litigation efforts, been successful in receiving the documents responsive to her FOIA request. Accordingly, Plaintiff's motions for counsel should be denied.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's opposed motion to amend her complaint be **DENIED** (doc. no. 33) and her motions for court-appointed counsel be **DENIED** (doc. nos. 39, 43).

SO REPORTED AND RECOMMENDED this 30th day of March, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA