IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JENIQUA IRENE KNUCKLES,　　　\*
　　　　　　　　　　　　　　　\*
　　Plaintiff,　　　　　　　　\*
　　　　　　　　　　　　　　　\*
　v.　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　\*　　CV 115-077
DEPARTMENT OF THE ARMY,　　　\*
　　　　　　　　　　　　　　　\*
　　Defendant.　　　　　　　　\*
　　　　　　　　　　　　　　　\*

**O R D E R**

Four motions are currently pending before the Court: (1) Defendant's motion to strike (doc. 22); (2) Defendant's motion to dismiss or, in the alternative, motion for summary judgment (doc. 23); (3) Plaintiff's motion for summary judgment (doc. 31); and (4) Plaintiff's motion for sanctions (doc. 59). For the reasons explained below, Defendant's motion to strike is **DENIED as moot,** Defendant's motion to dismiss is **GRANTED in part and DENIED in part,** Plaintiff's motion for summary judgment is **DENIED,** and Plaintiff's motion for sanctions is **DENIED.**

## I.　**Background**

This case arises out of Plaintiff's request for documents relating to her employment at Fort Gordon. On August 15, 2014,

Plaintiff requested documents from Fort Gordon, which she intended to use in a Merit System Protection Board proceeding.[1] (Doc. 10 at 3, 6.) When Plaintiff filed her amended complaint, over a year had passed, and she had not received the requested documents. (See Doc. 10.) In December 2015, Defendant finally released the documents Plaintiff requested.[2] (Doc. 23, Ex. 1 ¶ 11.)

Plaintiff initiated this action on May 29, 2015. (Doc. 1.) Eleven days later, she filed a second case alleging the same facts. (See Doc. 6.) In response, the Court ordered Plaintiff to inform it whether she intended to file two separate cases. (Id.) She did so and voluntarily dismissed the second case. (Doc. 7.) Then, on August 3, 2015, Plaintiff filed a third complaint. (See Doc. 8.) The Court again instructed her to explain whether she intended to file a separate case and informed her that if she did not respond, it would dismiss the later-filed case and consider the new complaint an amended complaint in this case. (Doc. 8.) When Plaintiff did not respond, the Court dismissed the third case without prejudice and directed the Clerk to re-docket the new complaint as an

---

[1] From the documents attached to Plaintiff's complaint and Defendant's motion to dismiss, it appears that Plaintiff actually submitted two requests for documents on August 14, 2015. Whether that is the case, however, is not dispositive of the issues before the Court.

[2] The record also indicates that Defendant released some documents — documents responsive to Plaintiff's other August 14 request — but, again, this is not particularly relevant to this case.

2

amended complaint. (Doc. 9.) Plaintiff's amended complaint alleges that Defendant violated FOIA when it did not timely release the documents Plaintiff requested. She asks the Court to direct Special Counsel to investigate Defendant, seeks an injunction requiring the release of the documents, seeks $1,000,000.00 in compensatory and punitive damages, and asks for court costs and attorneys' fees. (Doc. 10 at 5, 7.)

Defendant moves to dismiss Plaintiff's amended complaint, or in the alternative, for summary judgment and to strike portions of Plaintiff's amended complaint. (Docs. 22, 23.) Plaintiff moves for summary judgment and for sanctions. (Docs. 31, 59.)

## II. Discussion

### 1. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claim fails because (1) Defendant released the requested documents, mooting Plaintiff's claim, (2) FOIA does not provide for monetary damages, (3) Plaintiff is not entitled to court costs or attorneys' fees, and (4) involving Special Counsel is inappropriate. (Doc. 23.) The Court addresses these issues separately below.

#### a. Mootness

Defendant argues that Plaintiff's claim for injunctive relief is moot because it has released all the documents

3

Plaintiff requested. A motion to dismiss based on mootness grounds is a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See GEICO Gen. Ins. Co. v. Farag, 597 F. App'x 1053, 1054-55 (11th Cir. 2015) ("[W]hen a district court disposes of a case on justiciability grounds, we treat the district court's determination as if it was a ruling on a motion to dismiss for lack of subject matter jurisdiction . . . , even if the district court mistakenly has labeled its ruling a grant of summary judgment).

Under FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A plaintiff may seek an injunction against an agency in the district court when the agency improperly withholds records, 5 U.S.C. § 552(a)(4)(B), but once a person receives the information she has requested, her FOIA claim becomes moot. Lovell v. Alderete, 630 F.2d 428, 430-31 (5th Cir. 1980)[3] ("The record clearly shows that Lovell has received all of the information he sought . . . . Even though the information he

---

[3] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions rendered before October 1, 1981).

4

sought . . . was delivered late, Lovell now has all of the information he requested . . . . The district court correctly dismissed both actions for mootness to the extent that documents were sought."); Von Grabe v. U.S. Dep't of Homeland Sec., 440 F. App'x 687, 688 (11th Cir. 2011) ("If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent such information was sought.").

Here, Defendant claims, and Plaintiff does not dispute, that it released all relevant documents to Plaintiff on December 14, 2015. (Doc. 23, Ex. 1 ¶¶ 10-11.) Plaintiff, however, argues that her claim is not moot because Defendant voluntarily ceased its behavior.

"The doctrine of voluntary cessation provides an important exception to the general rule that a case is mooted by the end of the offending behavior." Troiano v. Supervisor of Elections, 382 F.3d 1276, 1282 (11th Cir. 2004). "However, there is an important exception to this important exception, when there is no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit." Id. at 1283. And "when the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur." Id.

5

Because Defendant released the documents Plaintiff requested, and because there is no indication that it will repeat its improper behavior, the Court **GRANTS** Defendant's motion on this issue.

### b. Monetary Damages

Because FOIA does not allow claims for monetary damages, Plaintiff's request for damages fails. See Ajamu v. U.S. Postal Serv., No. 6:13-cv-Orl-28KRS, 2014 WL 169830, at *6 (M.D. Fla. Jan. 10, 2014) ("FOIA does not allow for an award of damages."); Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673, 675 n.1 (7th Cir. 2009) ("Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief."); Gonser v. United States, No. 5:00CV298-3, 2001 WL 721818, at *7 (N.D. Ga. May 17, 2001) ("[T]he FOIA does not provide for the recovery of money damages . . . ."). Accordingly, the Court **GRANTS** Defendant's motion on this issue.[4]

### c. Special Counsel

As noted, Plaintiff asks the Court to appoint Special Counsel to investigate whether disciplinary action against Defendant is appropriate. Under FOIA,

> [w]henever the court orders the production of any agency records improperly withheld from the

---

[4] Because Defendant's motion to strike addresses this same issue, the Court finds it unnecessary to separately address that motion. Therefore, Defendant's motion to strike is **DENIED as moot**.

6

complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

5 U.S.C. § 552(a)(4)(F)(i). "[B]efore the Special Counsel can become involved, the Court must have, among other things, ordered the production of agency records." Ajamu, 2014 WL 169830, at *8 n.17. See also Lovell, 630 F.2d at 431 ("We also find that the court was correct in dismissing Lovell's request for disciplinary action . . . . [Section 552(a)(4)(F)] require[s] that, before disciplinary action can be taken . . . it is necessary that the court (1) order production of improperly withheld documents (2) assess attorney's fees and other litigation costs against the Government and (3) issue a written finding that the agency personnel may have acted arbitrarily and capriciously.").

In this case, because the Court has not ordered the production of any documents — and Plaintiff does not claim any

7

documents remain withheld — the Court **GRANTS** Defendant's motion on this issue and declines to involve Special Counsel.

**d. Attorneys' Fees**

Under FOIA, a court may award attorneys' fees to a plaintiff that has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). Attorneys' fees, however, are not available to pro se litigants in FOIA cases. <u>Ray v. U.S. Dep't of Justice</u>, 87 F.3d 1250, 1252 (11th Cir. 1996) (declining to award attorneys' fees to a pro se litigant, who was also a lawyer, in a FOIA case); <u>Brown v. U.S. Dep't of Justice</u>, 169 F. App'x 537, 541 n.4 (11th Cir. 2006) ("[A] pro se litigant, even if she is a lawyer, is not entitled to attorney's fees under the FOIA."). Therefore, Plaintiff may not recover attorneys' fees, and Defendant's motion on this issue is **GRANTED**.

**e. Costs**

Like attorneys' fees, under FOIA, a court may award litigation costs "reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 551(a)(4)(E)(i).[5] A plaintiff has substantially prevailed if she obtains relief through either "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the

---

[5] The fact that Plaintiff's claim for injunctive relief is moot does not preclude an award of costs. <u>See</u> <u>Lovell</u>, 630 F.2d at 431 ("Even though Lovell's suits were mooted by the production of the requested documents, mootness does not automatically preclude an award of attorney's fees.").

8

complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Congress added this definition of substantially prevailed in 2007. See Von Grabe, 440 F. App'x at 688. Prior to this amendment, absent a court order, a plaintiff was required to show "that prosecution of the action could reasonably be regarded as necessary to obtain the information . . . ." Lovell, 630 F.2d at 432. Said differently, a plaintiff was required to "establish that the lawsuit provided the necessary impetus for disclosure." Chilivis v. S.E.C., 673 F.2d 1205, 1212 (11th Cir. 1982). Through the 2007 amendment, however, Congress intended "to prevent federal agencies from denying meritorious FOIA requests, only to voluntarily comply with a request . . . to avoid liability for litigation costs." Warren v. Colvin, 744 F.3d 841, 845 (2d Cir. 2014) (reversing the district court and finding a plaintiff entitled to costs where he filed a FOIA suit after a series of unsuccessful requests and the defendant voluntarily released the documents after the plaintiff initiated the suit).

In this case, the Court is satisfied that Plaintiff has substantially prevailed. She filed her first request for documents in August 2014 and continued to attempt to follow up on her request through December. Plaintiff, however, did not receive all of the requested documents until December 2015, four

months after she initiated this lawsuit.⁶ In fact, Defendant's brief acknowledges that it withheld the documents because of an administrative error and that it became aware of the request during this litigation. (Doc. 23 at 1, 9.) Given the temporal nexus between this lawsuit and the release of the documents, see Sikes v. United States, 987 F. Supp. 2d 1355, 1373 (S.D. Ga. 2013), and the voluntary nature of the release, Warren, 744 F.3d at 845, the Court is persuaded that Plaintiff may recover costs. Accordingly, the Court **DENIES** Defendant's motion on this issue.⁷

Because Plaintiff has not specified what costs she seeks, she is **DIRECTED** to file a motion for costs **within fourteen days from the date of this Order** explaining what costs she contends she is entitled to. Plaintiff is reminded that the Court has denied her request for damages, so her costs should not include those figures. Defendant, of course, may respond to Plaintiff's motion within fourteen days. See S.D. Ga. L.R. 7.5.

---

⁶ Indeed, Defendant acknowledges, the scope of Plaintiff's request was not determined until two weeks after Plaintiff filed her amended complaint, at which time Defendant began reviewing responsive documents. (Doc. 23, Ex. 1 ¶ 11.)

⁷ Defendant also argues that, even if Plaintiff is eligible for costs, she is not entitled to them because she sought the records for personal reasons. See Lovell, 630 F.3d at 431-32 (noting that, with respect to attorneys' fees, once a court determines a party is eligible for fees, it should determine whether she is entitled to them by examining the public benefit of the request, the commercial benefit to the complainant, the nature of the complainant's interest, and the government's reason for withholding the records). Here, although Plaintiff arguably sought the records for personal use, Defendant has put forth no justifiable reason for withholding the documents.

**2. Plaintiff's Motion for Summary Judgment**

In her motion for summary judgment, Plaintiff asks the Court to find, as a matter of law, that Defendant violated FOIA.[8] As discussed above, Plaintiff's claim is moot. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment.[9]

**3. Plaintiff's Motion for Sanctions**

Plaintiff also moves for sanctions under Federal Rule of Civil Procedure 11. Essentially, Plaintiff argues that Defendant's alleged FOIA violation subjects it to sanctions. Rule 11(c) provides that "[i]f after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." Fed. R. Civ. 11(c)(1). Sanctions are appropriate "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to

---

[8] In her brief in support of her motion for summary judgment and in a subsequent letter to the Court (doc. 52), Plaintiff also addresses issues she has with her removal from her position with the Army. Plaintiff's amended complaint, however, addresses only FOIA claims, and the Court has already denied as futile Plaintiff's request to add claims based on her removal from service. (Docs. 54, 58.) The Court, therefore, will not address Plaintiff's arguments.

[9] In her complaint and motion for summary judgment, Plaintiff references a request she made on August 26, 2014. Defendant contends that it was not responsible for responding to that request because Plaintiff made it to her labor union. It appears that the union forwarded this request to Defendant. The Court declines to separately address Defendant's argument because Plaintiff does not argue that Defendant's December 2015 release did not respond to her August 26 request.

change existing law; or (3) when the party files a pleading in bad faith or for an improper purpose." Nero v. Mayan Mainstreet Inv. LLC, __ F. App'x __, 2016 WL 890241, at *3 (11th Cir. Mar. 9, 2016) (citation omitted) (internal quotation marks omitted).

Here, Defendant's alleged FOIA violation is not itself grounds for sanctions. Accordingly, Plaintiff has not established that Defendant violated Rule 11 and her motion for sanctions is **DENIED**.

### III. Conclusion

For the reasons explained above, Defendant's motion to strike (doc. 22) is **DENIED as moot**, Defendant's motion to dismiss (doc. 23) is **GRANTED in part and DENIED in part**, Plaintiff's motion for summary judgment (doc. 31) is **DENIED**, and Plaintiff's motion for sanctions (doc. 59) is **DENIED**. Moreover, Plaintiff is **DIRECTED** to file a motion with the Court within **fourteen days from the date of this Order** explaining what costs she seeks to recover.

**ORDER ENTERED** at Augusta, Georgia this 19th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA