IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA IRENE KNUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-077 |
| | ) | CV 116-164 |
| | ) | |
| DEPARTMENT OF ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Defendant's Oral Motion to Enforce Settlement. (CV 115-077, doc no. 79; CV 116-164, doc. no. 22.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion be **DENIED AS MOOT**, these cases be **DISMISSED WITH PREJUDICE** as a sanction, and these civil actions be **CLOSED**.

On January 31, 2017, the parties conducted a mediation before the undersigned. At the close of mediation, the parties agreed to settle both cases for a payment of $500 to cover Plaintiff's court costs, as memorialized in a settlement checklist signed by both parties. (See CV 115-077, doc no. 78, Ex. A; CV 116-164, doc. no. 21, Ex. A.) Defendant's counsel agreed to prepare a typed written agreement formally stating the terms to which the parties agreed and deliver that written agreement to Plaintiff no later than Monday, February 6, 2017. (Id. at 3.) Plaintiff was to respond with any changes by Wednesday, February 8, 2017, and the agreement was to be executed on or before Friday, February 17, 2017. (Id.)

On February 2, 2017, Defendant informed the Court Plaintiff wished to withdraw from the settlement. (See CV 115-077, doc no. 75; CV 116-164, doc. no. 17.) The Court immediately scheduled a status conference for the following morning at 9:00 a.m. (Id.) At this status conference, the Court questioned Plaintiff about why she wished to back out of the settlement. Plaintiff merely stated she had changed her mind after thinking about the case further.

Plaintiff conceded at the hearing she had no valid legal basis for backing out of the settlement by merely changing her mind. While the settlement checklist does state there is no binding agreement until the final settlement agreement is signed, Plaintiff conceded this condition does not provide unfettered discretion for either party to walk away from the settlement on a whim. (See CV 115-077, doc no. 78, Ex. A; CV 116-164, doc. no. 21, Ex. A.) Instead, it merely provides the parties with an opportunity to withdraw from the settlement if they cannot agree upon the wording of a final settlement agreement to accurately reflect the terms of settlement summarized in the checklist. Indeed, that is why this same section of the checklist specifies dates for the parties to exchange drafts and comments concerning the wording of the final settlement agreement. (See id. at 3.)

Defendant presented Plaintiff and the Court with the written settlement agreement its counsel prepared pursuant to the checklist. (CV 115-077, doc no. 78, Ex. B; CV 116-164, doc. no. 21, Ex. B.) The Court instructed Plaintiff to review the agreement and determine whether or not it was consistent with the terms of the checklist. After a brief recess, Plaintiff asked the Court for time to have the agreement reviewed by her aunt, an attorney in New York but not listed as counsel of record for this *pro se* Plaintiff. Although not required to do

so, the Court generously gave Plaintiff the weekend to confer with her aunt and continued the status conference until 9:00 a.m. on Monday, February 6, 2017. (See CV 115-077, doc no. 77; CV 116-164, doc. no. 20.)

Despite being instructed to appear at 9:00 a.m. on February 6 for the status conference, and previously being instructed that failure to appear could result in dismissal of her cases, Plaintiff showed up for the hearing at 9:20 a.m. When questioned about her tardiness, Plaintiff stated that the car in which she was riding as a passenger had been stopped for speeding on the way to the hearing, causing the delay. However, Plaintiff also conceded that the car was speeding because she had not left her house early enough to arrive at the hearing on time. Plaintiff did not contact the Court to explain she would be late. In contrast, defense counsel arrived early for the 9:00 conference and had to wait for Plaintiff to arrive.

Upon arrival at the hearing, Plaintiff conceded that the settlement agreement was consistent with the terms of the checklist, but she still refused to sign it. Defendant made an oral motion to enforce the settlement, which the Court took under consideration. (CV 115-077, doc no. 79; CV 116-164, doc. no. 22.) The Court informed Plaintiff her case could be dismissed as a sanction for her failure to appear to her hearing on time. Plaintiff showed no remorse for her tardiness to the hearing or for the significant amount of opposing counsel's and the Court's precious resources she wasted in mediation.

A district court has inherent authority to manage its docket, and its authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232,

1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

"[B]ecause dismissal. . . is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice." Shortz v. City of Tuskeegee, Ala., 352 F. App'x 355, 359 (11th Cir. 2009) (citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993)). Dismissal with prejudice "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005).

There is a clear pattern of delay and willful contempt in Plaintiff's mediation tactics and her failure to appear for her hearing on time, causing Defendants to suffer unnecessary burden and expense. Sanctions less than dismissal with prejudice will not suffice because Plaintiff has continually shown no regard for the Court's time or instructions. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

Accordingly, the Court **REPORTS** and **RECOMMENDS** Defendant's oral motion to enforce settlement agreement (CV 115-077, doc no. 79; CV 116-164, doc. no. 22) be **DENIED AS MOOT**, these cases be **DISMISSED WITH PREJUDICE** as a sanction, and these civil actions be **CLOSED**.

SO REPORTED AND RECOMMENDED 10th day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA