IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA IRENE KNUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-077 |
| | ) | CV 116-164 |
| | ) | |
| DEPARTMENT OF ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (CV 115-077, doc no. 82; CV 116-164, doc. no. 27.) Plaintiff does not offer any new information, evidence, or argument that warrants a deviation from the Magistrate Judge's recommendation. However, the Court will briefly comment concerning several glaring falsehoods in Plaintiff's objections.

In her objections, Plaintiff claims "[t]here was no representation by the Plaintiff that she was speeding or the delay was somehow related to the Plaintiff leaving home late." (CV 115-077, doc no. 82, p. 2; CV 116-164, doc. no. 27, p. 2.) However, contrary to her contention, Plaintiff previously stated in court she was late because she "was pulled over for speeding and detained . . . ." (Court's recording system, *For The Record*, (hereinafter "FTR"), 9:47:52 – 9:47:57.) When asked why she was speeding, Plaintiff responded,

"Trying to get here on time, Your Honor . . . . I had to wait for a ride." (FTR 9:47:52 – 9:48:12.) The Court clarified Plaintiff's answer by asking, "that car was late picking you up, and so you were speeding to get here, is that correct," and Plaintiff responded, "Yes, Your Honor." (FTR 9:48:11 – 9:48:17.)

Plaintiff further claims the Magistrate Judge falsely represented that Plaintiff was a passenger in a car when in reality "Plaintiff was the driver and the Plaintiff was traveling alone." However, Plaintiff's statements to the Court regarding waiting for a ride and being picked up led the Magistrate to reasonably conclude Plaintiff was a passenger and not the driver. (See FTR 9:47:52 – 9:48:12, 9:48:11 – 9:48:17.) At best, the Magistrate Judge misinterpreted Plaintiff's statements; at worst, Plaintiff misrepresented to the Court her transportation situation. Finally, although Plaintiff did apologize, her apology came only at the Court's prompting and showed no real remorse. (FTR 9:57:22 – 9:57:51.)

Plaintiff's material misrepresentations in her objections as to why she was late to court provide an additional ground for dismissal of these cases with prejudice. See Vargas v. Peltz, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995) ("Plaintiff's intentional misconduct in presenting false evidence in support of her claims compels dismissal of this case."). Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Defendant's oral motion to enforce settlement agreement (CV 115-077, doc no. 79; CV 116-164, doc. no. 22), **DISMISSES WITH PREJUDICE** these cases as a sanction, and **CLOSES** these civil

2

actions.

SO ORDERED this 13th day of March, 2017, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA